Frederick A. Tecce (proceeding *pro hac vice*)
Email:  ftecce@mcshea-tecce.com
McShea\Tecce, P.C.
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, Pennsylvania 19103
Telephone: 215-599-0800
Facsimile:  215-599-0888

Jason Pauls (proceeding *pro hac vice*)
Email:  jason.pauls@qg.com
Quad/Tech, Inc.
N63 W23075 State Highway 74
Sussex, WI 53089-2827
Telephone:  414-566-4408
Facsimile:  414-566-2011

Marc N. Bernstein (CA SBN 145837)
Email:  mbernstein@blgrp.com
Alice C. Garber (CA SBN 202854)
Email:  agarber@blgrp.com
THE BERNSTEIN LAW GROUP, P.C.
555 Montgomery Street, Suite 1650
San Francisco, California  94111
Telephone:    415-765-6633
Facsimile:      415-283-4804

Attorneys for Plaintiff Quad/Tech Inc.

## IN THE UNITED STATE DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUAD/TECH INC., a Wisconsin Corp., | Civil Action No.: CV 10-2243 (CRB) |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |
| Q.I. PRESS CONTROLS B.V. of The Netherlands, AND | **DEMAND FOR JURY TRIAL** |
| Q.I PRESS CONTROLS NORTH AMERICA LTD., INC., a Rhode Island Corp., | |
| Defendants. | |

1    Plaintiff Quad/Tech Inc. ("Quad/Tech") hereby alleges against Q.I. Press Controls

2    B.V. and Q.I. Press Controls North America LTD., Inc. (collectively "Defendants") as

3    follows.

4                    **JURISDICTION AND VENUE**

5        1.    This action arises under the patent laws of the United States.  This Court

6    has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338.

7        2.    This Court has personal jurisdiction over the Defendants because

8    Defendants have committed the acts of patent infringement alleged here in this judicial

9    district.

10       3.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c),

11   as well as 28 U.S.C. § 1400(b), in that acts of patent infringement have occurred and are

12   occurring within this judicial district.

13                   **INTRADISTRICT ASSIGMENT**

14       4.    This action is an Intellectual Property Action that can be assigned on a

15   district-wide basis.

16                        **THE PARTIES**

17       5.    Plaintiff Quad/Tech is a corporation organized under the laws of the state

18   of Wisconsin with a principal place of business at N63 W23075 State Highway 74,

19   Sussex, WI 53089-2827.

20       6.    Quad/Tech is an industry leader in the business of developing, selling,

21   and marketing printing control systems and equipment including various registration

22   and color control systems.

23       7.    Upon information and belief, Defendant Q.I. Press Controls B.V.

24   ("Q.I.B.V.") is a Netherlands organization having its principal place of business at

25   Everdenberg 26, 4902 TT Oosterhout, The Netherlands.

26       8.    Upon information and belief, Defendant Q.I. Press Controls North

27   America Ltd., Inc. ("Q.I. North America") is a Rhode Island corporation, with a

28   principal place of business at 1130 Ten Rod Road, D-206, North Kingston, Rhode Island

02852.

## **GENERAL ALLEGATIONS**

9.     The technology at issue in this case relates to printing in general, and color printing processes that are capable of producing a large number of impressions for publishing newspapers, magazines, brochures, cards, posters, and similar mass-market items.

10.     In industrial or commercial printing, the technique used to print full-color images is referred to as four-color-process printing, because four inks are used.  Those four inks include three primary colors and black.  The "subtractive" primary ink colors are cyan (a bright blue), magenta (a vivid red-purple), and yellow, which are abbreviated as "CMY."  Black is the fourth ink that is abbreviated "K."

11.     Countless different colors can be reproduced using the CMYK method through various application of the color dots on the surface to be printed, often times referred to as the "web."  As an example (and by no means an exhaustive one), if dots of cyan ink and yellow ink are placed in close proximity, the eye will perceive the color green.  As another example, if magenta ink is placed on the web (paper) with sufficient white space between the dots, the eye will perceive the color pink.

12.     Over the years, various methods have been developed to ensure that the colors are properly placed on the web (paper) and that they appear as the desired colors.  This is referred to in the art as "color control."

13.     For over twenty years, Quad/Tech and its employees, including John Seymour and Jeffrey Sainio, have been involved in developing new, novel and significant improvements in the methods, processes and control systems utilized in color printing, including CMYK four-color printing as well as various control systems for ensuring proper registration (alignment) and proper color control.

14.     Over the years, Quad/Tech and its employees have invested significant time, money, and effort in developing color control systems.

15.     As a result of its significant efforts and expertise gained over years of

1   developing such systems, Quad/Tech developed novel, unique, and sophisticated

2   technology that operates color control systems.  That technology, which has been

3   misappropriated by the Defendants, is at the center of this dispute.

4       16.     On October 28, 1992, Quad/Tech caused to be filed with the United States

5   Patent and Trademark Office, United States Patent Application Serial No. 07/967,978

6   ("'978 Application") in the names of Jeffrey W. Sainio and John C. Seymour and entitled

7   "Color Registration System For A Printing Press."  The '978 Application resulted from

8   Quad/Tech's significant investment in developing registration and color control

9   systems.

10      17.     On May 2, 1995, the PTO duly and legally issued United States Patent No.

11  5,412,577 ("'577 Patent"), entitled "Color Registration System For a Printing Press,"

12  based upon the '978 Application.  Quad/Tech is the owner by assignment of the '577

13  Patent.  A copy of the '577 Patent is attached as Exhibit A and is incorporated by

14  reference as if fully set forth here.

15      18.     In 1996, four years after the application for what became the '577 Patent

16  was filed with the PTO, Defendant Q.I.B.V. was created by two former Quad/Tech-

17  Europe employees, Menno Jansen and Erik Van Holten.

18      19.     Unbeknownst to Quad/Tech, while still employed at Quad/Tech, Mr.

19  Jansen and Mr. Van Holten had started to develop their own print control system which

20  they called the I.R.S. System.  Defendant Q.I. North America also began to solicit

21  Quad/Tech employees in the U.S. and Europe.

22      20.     Also at that time, Quad/Tech was bidding to sell a register control system

23  to the Los Angeles Times newspaper.  During the bidding process, Quad/Tech was

24  contacted by the L.A. Times and advised that Mr. Jansen and Mr. Van Holten had

25  secretly submitted a separate proposal to sell a register control system on behalf of their

26  new company, Defendant Q.I.B.V., while still employed by Quad/Tech.

27      21.     On March 21, 2003, Quad/Tech caused to be filed with the United States

28  Patent and Trademark Office, United States Patent Application Serial No. 10/394,903

1 ("'903 Application") in the name of John C. Seymour and entitled "Printing Press." As

2 is true with numerous other Quad/Tech patents and development efforts, the '903

3 Application resulted from Quad/Tech's significant investment in developing color

4 control systems.

5       22.    On April 25, 2006, the PTO duly and legally issued United States Patent

6 No. 7,032,508 ("'508 Patent"), entitled "Printing Press," based upon the '903

7 Application. Quad/Tech is the owner by assignment of the '508 Patent. A copy of the

8 '508 Patent is attached as Exhibit B and is incorporated by reference as if fully set forth

9 here.

10       23.    At all times relevant to this Amended Complaint, Defendants have also

11 been marketing, selling, and offering for sale the Q.I. Intelligent Density System ("IDS"),

12 including marketing, selling and offering for sale the IDS in this judicial district.

13 Defendants' own documents, as well as documents publicly endorsed by Defendants,

14 establish that the IDS products and systems infringe one or more claims of the '577

15 Patent and the '508 Patent.

16       24.    Since at least as early as July 21, 2008, Defendants have had actual notice

17 of the claims of the '577 Patent and despite that knowledge, Defendants have continued

18 to engage in acts of infringement with willful disregard for Quad/Tech's intellectual

19 property rights.

20       25.    Defendants' conduct has caused harm directly to Quad/Tech and its

21 ability to sell its control systems.

22 **FIRST CLAIM FOR RELIEF**

23 **(Patent Infringement of the '577 Patent under 35 U.S.C. § 271)**

24       26.    Quad/Tech repeats and incorporates by reference the allegations made in

25 the foregoing paragraphs of this Amended Complaint as if fully set forth herein.

26       27.    Defendants are in the business of offering for sale, manufacturing, having

27 manufactured, importing, marketing, distributing, and selling the IDS color control

28 system for presses, and other devices throughout the United States including, but not

1    limited to, sales within this judicial district.

2        28.    As least as late as July 2008, Q.I. has had actual or constructive knowledge

3    of the existence of the '577 Patent.

4        29.    Defendants, acting alone or with others, are, and have been, directly

5    infringing the claims of the '577 Patent by the continued manufacture, import,

6    assembly, offer to sell, or sale of the IDS color control system for presses and other

7    devices within the United States without license from Quad/Tech.

8        30.    The infringement by Defendants of one or more claims of the '577 Patent

9    has deprived Quad/Tech of revenues which it otherwise would have made or caused to

10   be made, and has in other respects, injured Quad/Tech and will cause Quad/Tech added

11   injury and loss of revenues unless enjoined by this Court.

12       31.    Quad/Tech has been irreparably harmed by virtue of Defendants'

13   infringement of the claims of the '577 Patent.

14       32.    Notice of the existence of the '577 Patent having been provided to

15   Defendants, the past conduct of Defendants as set forth herein has been wanton and

16   willful and, therefore, constitutes willful infringement of the claims of the '577 Patent

17   warranting the assessment of treble damages pursuant to 35 U.S.C. § 284 and a

18   determination that this is an exceptional case warranting an award of attorneys fees

19   pursuant to 35 U.S.C. § 285.

20       33.    Defendants' infringement of the claims of the '577 Patent will continue

21   unless enjoined by this Court.

22                        **SECOND CLAIM FOR RELIEF**

23        **(Patent Infringement of the '508 Patent under 35 U.S.C. § 271)**

24       34.    Quad/Tech repeats and incorporates by reference the allegations made in

25   the foregoing paragraphs of this Amended Complaint as if fully set forth herein.

26       35.    Defendants are in the business of offering for sale, manufacturing, having

27   manufactured, importing, marketing, distributing, and selling the IDS color control

28   system for presses, and other devices throughout the United States including, but not

1    limited to, sales within this judicial district.

2         36.     Defendants have been, and are, indirectly infringing the '508 patent by

3    inducing and contributing to the direct infringement of the '508 patent.  Defendants sell

4    and/or provide the IDS color control system for presses and other devices, with the

5    specific intent to induce and contribute to infringement of the '508 patent, while

6    Defendant knows, or should have known, of the '508 patent.  Defendants' customers

7    directly infringe the '508 patent when they use the IDS color control system for presses

8    and other devices, which is a material part of the inventions of the '508 patent.

9         37.     The infringement by Defendants of one or more claims of the '508 Patent

10   has deprived Quad/Tech of revenues which it otherwise would have made or caused to

11   be made, and has in other respects, injured Quad/Tech and will cause Quad/Tech added

12   injury and loss of revenues unless enjoined by this Court.

13        38.     Quad/Tech has been irreparably harmed by virtue of Defendants'

14   infringement of the claims of the '508 Patent.

15        39.     Defendants' infringement of the claims of the '508 Patent will continue

16   unless enjoined by this Court.

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**WHEREFORE**, Plaintiff Quad/Tech requests that this Court enter judgment in its favor and against Defendants as follows:

A.     That Defendants be adjudged to have directly infringed the claims of the '577 Patent.

B.     That Defendants be adjudged to have willfully and deliberately infringed the claims of the '577 Patent.

C.     That Defendants be adjudged to have indirectly directly infringed the claims of the '508 Patent.

D.     That Defendants be adjudged for damages in an amount to be ascertained and in an amount adequate to compensate Quad/Tech for Defendants' infringement including, but not limited to, lost profits, but in no event less than a reasonable royalty for the use made of the '577 Patent and the '508 Patent by Defendants.

E.     That Defendants account for treble damages to Quad/Tech, together with prejudgment and post-judgment interest and costs as fixed by the Court, as provided by 35 U.S.C. § 284;

F.     That Defendants be preliminarily and permanently enjoined from further and continued infringement of the claims of the '577 Patent and the '508 Patent as provided by 35 U.S.C. § 283;

G.     That this case is exceptional and award Quad/Tech its reasonable attorneys' fees as the prevailing party, as provided by 35 U.S.C. § 285; and

H.     That this Court grants Quad/Tech such other and further relief as the Court may deem just and appropriate.

///
///
///
///
///
///

1                                                                Respectfully submitted,

Dated:  August 13, 2010                THE BERNSTEIN LAW GROUP, P.C.

By:          /s/
                Alice C. Garber

Marc N. Bernstein (CA SBN 145837)
Email:  mbernstein@blgrp.com
Alice C. Garber (CA SBN 202854)
Email:  agarber@blgrp.com
THE BERNSTEIN LAW GROUP, P.C.
555 Montgomery Street, Suite 1650
San Francisco, California  94111
Telephone:     415-765-6633
Facsimile:     415-283-4804

Jason Pauls (proceeding *pro hac vice*)
Email:  jason.pauls@qg.com
Quad/Tech, Inc.
N63 W23075 State Highway 74
Sussex, WI 53089-2827
Telephone:  414-566-4408
Facsimile:  414-566-2011

Frederick A. Tecce (proceeding *pro hac vice*)
Email:  ftecce@mcshea-tecce.com
MCSHEA\TECCE, P.C.
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, Pennsylvania 19103
Telephone: 215-599-0800
Facsimile:  215-599-0888

**Attorneys for Plaintiff Quad/Tech Inc.**

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1

# DEMAND FOR JURY TRIAL

2

Plaintiff Quad/Tech Inc. demands a jury trial in this action.

3

Dated:  August 13, 2010

4

THE BERNSTEIN LAW GROUP, P.C.

5

6

By:          /s/

7

Alice C. Garber

8

Marc N. Bernstein (CA SBN 145837)
Email:  mbernstein@blgrp.com

9

Alice C. Garber (CA SBN 202854)
Email:  agarber@blgrp.com

10

THE BERNSTEIN LAW GROUP, P.C.
555 Montgomery Street, Suite 1650

11

San Francisco, California  94111
Telephone:    415-765-6633

12

Facsimile:    415-283-4804

13

Jason Pauls (proceeding *pro hac vice*)
Email:  jason.pauls@qg.com

14

Quad/Tech, Inc.
N63 W23075 State Highway 74

15

Sussex, WI 53089-2827
Telephone:  414-566-4408

16

Facsimile:  414-566-2011

17

Frederick A. Tecce (proceeding *pro hac vice*)

18

Email:  ftecce@mcshea-tecce.com
McShea\Tecce, P.C.

19

The Bell Atlantic Tower - 28th Floor
1717 Arch Street

20

Philadelphia, Pennsylvania 19103
Telephone: 215-599-0800

21

Facsimile:  215-599-0888

22

**Attorneys for Plaintiff Quad/Tech**

23

**Inc.**

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT