1  DAVID D. LANGFITT (*pro hac vice* forthcoming)
   DLangfitt@lockslaw.com
2  LOCKS LAW FIRM
   The Curtis Center, Suite 720 East
3  601 Walnut Street
   Philadelphia, PA  19106
4  Telephone:  215.893.3423 / Facsimile:  215.893.3444

5  ROBERT R. AXENFELD (*pro hac vice* forthcoming)
   RAxenfeld@mmwr.com
6  JO ROSENBERGER ALTMAN (*pro hac vice* forthcoming)
   JRosenberger@mmwr.com
7  MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
   123 South Broad Street
8  Philadelphia, Pennsylvania  19109
   Telephone: 215.772.1500 / Facsimile: 215.772.7620
9
   MARC DAVID PETERS (CA SBN 211725)
10 MDPeters@mofo.com
   JAMIE HARUKO KITANO (CA SBN 268078)
11 JKitano@mofo.com
   MORRISON & FOERSTER LLP
12 755 Page Mill Road
   Palo Alto, California  94304-1018
13 Telephone: 650.813.5600 / Facsimile: 650.494.0792

14 Attorneys for Defendant
   Q.I. PRESS CONTROLS NORTH AMERICA LTD., INC.
15

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18               SAN FRANCISCO DIVISION

19

| | |
|---|---|
| 20   QUAD/TECH INC., a Wisconsin corporation, | Civil Action No.: CV 10-2243 (CRB) |
| 21                         Plaintiff, | **DEFENDANT QIPC-NA'S NOTICE OF MOTION AND MOTION TO DISMISS OR TRANSFER** |
| 22              v. | |
| 23   Q.I. PRESS CONTROLS B.V. of the Netherlands, | Date:   October 29, 2010 |
| 24   and | Time:   10 a.m. |
| | Dept.:  Courtroom 8, 19th Floor |
| 25   Q.I. PRESS CONTROLS NORTH AMERICA LTD., INC., a Rhode Island corporation, | Judge:  Honorable Charles R. Breyer |
| 26                         Defendants. | JURY TRIAL DEMANDED |
| 27 | |

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ............................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

I.      INTRODUCTION ....................................................................................................... 1

II.     BACKGROUND AND PROCEDURAL HISTORY ........................................... 3

III.    ARGUMENT ............................................................................................................... 4

        A.      This Case Should Be Dismissed Under the Doctrine of Claim Splitting ............... 4

                1.      Quad/Tech's Claims in the Pennsylvania Case and the California
                        Case Are Duplicative Because They Arise Out of the Same
                        Transactional Nucleus of Facts ................................................................. 5

                2.      Allowing the California Case to Proceed Will Eviscerate the
                        Rulings of Judge Robreno in the Pennsylvania Case ................................ 7

        B.      This Case Should Be Dismissed Under the First-To-File Rule ............................. 8

        C.      In the Alternative, the Court Should Transfer This Case to the Eastern
                District of Pennsylvania Pursuant to 28 U.S.C. § 1404(a) ................................... 10

IV.     CONCLUSION ......................................................................................................... 12

1

**<u>TABLE OF AUTHORITIES</u>**

2

**Page(s)**

3       CASES

4       *Adams v. Cal. Dep't of Health Servs.*,
5           487 F.3d 684 (9th Cir. 2007) ..................................................................... 4, 5, 7, 8

6       *Alexander v. Franklin Res., Inc.*,
            No. 06-7121 SI, 2007 U.S. Dist. LEXIS 19727 (N.D. Cal. Feb. 14, 2007) ........... 11

7
8       *Alltrade, Inc. v. Uniweld Prods., Inc.*,
            946 F.2d 622 (9th Cir. 1991) ................................................................................... 8, 9

9       *American Stock Exchange, LLC v. Mopex, Inc.*,
10          215 F.R.D. 87 (S.D.N.Y. 2002) ..................................................................................... 8

11      *Biogenex Labs., Inc. v. Ventana Med. Sys., Inc.*,
            No. 05-860-JF, 2005 U.S. Dist. LEXIS 45405 (N.D. Cal. Aug. 5, 2005) ............. 4, 7

12
13      *Black & Decker, Inc. v. Robert Bosch Tool Corp.*,
            500 F. Supp. 2d 864 (N.D. Ill. 2007) ........................................................................... 8

14      *Cardoza v. T-Mobile USA Inc.*,
            No. 08-5120 SC, 2009 U.S. Dist. LEXIS 25895 (N.D. Cal. Mar. 18, 2009) ......... 10

15
16      *Constantini v. Trans World Airlines*,
            681 F.2d 1199 (9th Cir. 1982) ...................................................................................... 5

17
18      *Dumas v. Major League Baseball Props., Inc.*,
            52 F.Supp.2d 1183 (S.D. Cal. 1999) ........................................................................... 9

19      *Durney v. WaveCrest Labs.*,
            441 F. Supp. 2d 1055 (N.D. Cal. 2005) ....................................................................... 6

20
21      *Genentech, Inc. v. Eli Lilly & Co.*,
            998 F.2d 931 (Fed. Cir. 1993) ...................................................................................... 8

22      *In re Genentech, Inc.*,
23          566 F.3d 1338 (Fed. Cir. 2009) .................................................................................. 11

24      *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*,
            544 F. Supp. 2d 949 (N.D. Cal. 2008) ...................................................................... 8, 9

25
26      *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*,
            58 F.3d 616 (Fed. Cir. 1995) ........................................................................................ 4

27      *Pacesetter Sys., Inc. v. Medtronic, Inc.*,
28          678 F.2d 93 (9th Cir. 1982) .......................................................................................... 8

*Quad/Tech, Inc. v. Q.I. Press Controls B.V. et al.*,
    701 F. Supp. 2d 644 (E.D. Pa. 2010) ........................................................................ 1, 2, 3, 10

*Semmes Motors, Inc. v. Ford Motor Co.*,
    429 F.2d 1197 (2d Cir. 1970) ..................................................................................... 10

*Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*,
    329 F. Supp. 2d 574 (D. Md. 2004) ........................................................................... 4

*Single Chip Sys. Corp. v. Intermec IP Corp.*,
    495 F. Supp. 2d 1052 (S.D. Cal. 2007) ..................................................................... 6, 8

*United States v. Ritchie*,
    342 F. 3d 903 (9th Cir. 2003) ..................................................................................... 2

*Walton v. Eaton Corp.*,
    563 F.3d 66 (3d Cir. 1977) ......................................................................................... 4

*Western Sys., Inc. v. Ulloa*,
    958 F.2d 864 (9th Cir. 1992) ..................................................................................... 5

**STATUTES**

28 U.S.C.
    § 1404(a) .................................................................................................................... 10, 11

35 U.S.C.
    § 283 .......................................................................................................................... 5

**OTHER AUTHORITIES**

Fed. R. Civ. Proc. 12(b)(6) ............................................................................................. 1

Fed. R. Civ. Proc. 15 ...................................................................................................... 4

Fed. R. Civ. Proc. 38 ...................................................................................................... 4

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on October 29, 2010, at 10:00 a.m., before the Honorable Charles R. Breyer, Defendant Q.I. Press Controls North America Ltd., Inc. ("QIPC-NA"), will and hereby does move under Federal Rule of Civil Procedure 12(b)(6) to dismiss the First Amended Complaint of Plaintiff Quad/Tech, Inc. ("Quad/Tech") against it and named co-defendant Q.I. Press Controls B.V.[1] ("QIPC-BV," and collectively "QIPC") or, in the alternative, to transfer the case to the United States District Court for the Eastern District of Pennsylvania.

In this case, plaintiff Quad/Tech makes a duplicative claim for infringement of U.S. Pat. No. 5,412,577, because Quad/Tech asserted the same cause of action earlier this year in the Eastern District of Pennsylvania before the Honorable Eduardo C. Robreno. *See Quad/Tech, Inc. v. Q.I. Press Controls B.V. et al.*, 701 F. Supp. 2d 644 (E.D. Pa. 2010). Quad/Tech's complaint for patent infringement should be dismissed as improper claim splitting and contrary to Judge Robreno's order staying the Pennsylvania case in favor of Quad/Tech's interlocutory appeal. In the alternative, the case should be transferred to the Eastern District of Pennsylvania, where Judge Robreno is already familiar with the parties, the products, and the technologies at issue.

This motion is based on this Notice of Motion and Motion, including the Memorandum of Points and Authorities set forth below; QIPC's Request for Judicial Notice and Declaration in Support Thereof, and the exhibits thereto; the pleadings and papers on file with the Court; and such other matters as may be presented to the Court at the time of the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This is Quad/Tech's second suit alleging infringement of U.S. Pat. No. 5,412,577 by QIPC. The first suit is pending in the District of Pennsylvania before Judge Robreno, who has already invested substantial time and resources into matters concerning the '577 patent: he considered (and denied) a fully briefed and argued motion for a preliminary injunction; he construed the claims of the '577 patent in association with that motion; he decided several

---

[1] QIPC-BV would join this motion, but it has not been served and is not yet a party.

1    discovery and evidentiary motions; and he considered (and denied) Quad/Tech's motion to amend

2    its pleadings to make the same infringement contentions it makes in the case before this Court.

3    *See Quad/Tech*, 701 F. Supp. 2d at 658; United States District Court for the Eastern District of

4    Pennsylvania Civil Docket for *Quad/Tech, Inc. v. Q.I. Press Controls B.V. et al.*, Case No. 2:09-

5    cv-02561 ("Pennsylvania Docket"), at Docket Entry No. 8 (Exhibit A).[2]  After Quad/Tech filed

6    an appeal from the denial of its motion for a preliminary injunction, Judge Robreno stayed the

7    Pennsylvania case.  *See* May 6, 2010 Order (Exhibit F).  Shortly thereafter, Quad/Tech sued on

8    the same patent in California.

9         There are two reasons that the Court should dismiss Quad/Tech's First Amended

10   California Complaint:  First, it is forbidden by the rule against claim splitting.  The California

11   case addresses substantially the same facts, legal rights, and defenses as the Pennsylvania case.

12   Allowing the California case to go forward will circumvent the orders of the Pennsylvania court,

13   create the possibility of further inconsistent judgments, and involve substantial overlap of

14   evidence and testimony.

15        Second, the First Amended California Complaint is barred by the first-to-file rule.  In the

16   Pennsylvania case, Quad/Tech alleges infringement of the '577 patent by QIPC, and QIPC has

17   counterclaimed for declarations of noninfringement and invalidity.  The allegations with respect

18   to the '508 patent substantially overlap those with respect to the '577 patent—they involve the

19   same accused products and the same parties.  Under the rule, the Pennsylvania case is the first-

20   filed case, and the California case should be dismissed.

21        If the California case is not dismissed outright, the Court should transfer it to Judge

22   Robreno in the Eastern District of Pennsylvania.  To date, the Pennsylvania case has involved a

23   preliminary injunction hearing, claim construction proceedings, written discovery, depositions,

24   and substantial motion practice.  The Pennsylvania court and counsel are steeped in the

25   _____

26   [2] "Exhibit __" refers to the corresponding exhibit to QIPC-NA's Request for Judicial Notice and Declaration in Support Thereof, filed concurrently with this Motion to Dismiss.  On a motion to dismiss, this Court may consider the Complaint (Exhibit G), documents attached to the

27   Complaint, and documents of which this Court takes judicial notice (Exhibits A-F).  *See United States v. Ritchie*, 342 F. 3d 903, 908 (9th Cir. 2003).

28

DEFENDANT QIPC-NA'S NOTICE OF MOTION AND MOTION TO DISMISS OR TRANSFER
Civil Action No.: CV-10-2243 (CRB)                                                                    2
pa-1423645

knowledge of the case.  In comparison, not every defendant in the California case has even been

served yet.  Without a doubt, Pennsylvania is the more convenient venue for resolution of

Quad/Tech's claims.  Not to transfer the case would waste judicial resources and risk inconsistent

rulings, orders, and possibly judgments.

## II.   BACKGROUND AND PROCEDURAL HISTORY

The background of the technology at issue and the proceedings between the parties is

summarized in *Quad/Tech, Inc. v. Q.I. Press Controls B.V. et al.,* 701 F. Supp. 2d 644 (E.D. Pa.

2010) and need not be repeated here.  The following chronology, drawn from the dockets of the

Pennsylvania and California cases, will put the germane events in perspective:

| Date | Event |
|---|---|
| June 5, 2009 | Quad/Tech sues QIPC in the Eastern District of Pennsylvania for infringement of the '577 patent |
| July 2, 2009 | Quad/Tech files a motion for a preliminary injunction seeking to enjoin QIPC from infringing the '577 patent in any manner |
| September 22, 2009 | Quad/Tech files First Amended Pennsylvania Complaint in the Eastern District of Pennsylvania |
| October 2, 2009 | QIPC answers the First Amended Pennsylvania Complaint and counterclaims for declaratory judgments of noninfringement and invalidity of the '577 patent |
| March 8, 2010 | Quad/Tech files motion for leave to file Second Amended Pennsylvania Complaint |
| April 1, 2010 | Judge Robreno denies Quad/Tech's motion to file a Second Amended Pennsylvania Complaint and Quad/Tech's motion for a preliminary injunction against infringement of the '577 patent |
| May 3, 2010 | Quad/Tech files notice of appeal from order denying preliminary injunction |
| May 6, 2010 | Judge Robreno orders Pennsylvania matter placed in suspense |
| May 19, 2010 | Quad/Tech moves to lift stay with respect to non-patent causes of action |
| May 24, 2010 | Quad/Tech sues QIPC in the Northern District of California for infringement of the '577 patent |
| June 9, 2010 | Judge Robreno denies Quad/Tech motion to lift stay |
| August 13, 2010 | Quad/Tech files First Amended California Complaint, alleging infringement of the '577 patent and a second patent (U.S. Pat. No. 7,032,508) |
| August 30, 2010 | Quad/Tech serves QIPC-NA with First Amended California Complaint |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.   ARGUMENT

### A.   This Case Should Be Dismissed Under the Doctrine of Claim Splitting.

Quad/Tech has no right to bring two separate actions involving the same subject matter against QIPC. *Walton v. Eaton Corp.*, 563 F.3d 66, 71 (3d Cir. 1977).  The California case is barred by the rule against claim splitting, which "prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 579 (D. Md. 2004) (citations omitted). As the Federal Circuit explained:

> It is well established that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together.

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995) (applying regional circuit law).

The rule against claim splitting (also referred to as the rule against duplicative litigation) is related to *res judicata*, in that both doctrines are intended to foster judicial economy and protect parties against vexatious and expensive litigation.  *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 692-693 (9th Cir. 2007).  In particular, the claim splitting doctrine applies "to bar a plaintiff from filing a new lawsuit after the court in an earlier action denied leave to amend the complaint to add those claims."  *Sensormatic*, 329 F. Supp. 2d at 579; *see also Walton v. Eaton Corp.*, 563 F.3d 66, 71 (3d Cir. 1977) ("[T]he court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints, Fed. R. Civ. Proc. 15, and demand for trial by jury, Fed. R. Civ. Proc. 38."); *Biogenex Labs., Inc. v. Ventana Med. Sys., Inc.*, No. 05-860-JF, 2005 U.S. Dist. LEXIS 45405, at *8-10 (N.D. Cal. Aug. 5, 2005) (dismissing a second patent action because "a patent plaintiff should not be permitted to avoid the adverse consequences of failing to assert all patent claims in a pending action by simply filing a new patent action").

The Court of Appeals for the Ninth Circuit applies the "transaction test," developed in the claim preclusion context, to determine whether a subsequent suit should be barred as duplicative

of a plaintiff's first suit.  *See Adams*, 487 F.3d at 688-89.  Under this "transaction test," the Court determines whether successive causes of action are the same by examining four criteria:  "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."  *Id.* (quoting *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).  The last factor is the most important element of the transaction test.  *See id.*

1.      **Quad/Tech's Claims in the Pennsylvania Case and the California Case Are Duplicative Because They Arise Out of the Same Transactional Nucleus of Facts.**

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Adams*, 487 F.3d at 689 (quoting *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). Three examples show how the Pennsylvania and California cases are related to the same set of facts and could be tried together.  First, when Quad/Tech moved for a preliminary injunction in the Pennsylvania case, it sought to enjoin QIPC from "directly or indirectly infringing, the claims of United States Patent No. 5,412,577 ***in any manner***, including but not limited to, by making, using, offering for sale, or selling the mRC registration system."  Quad/Tech Proposed Preliminary Injunction Order at 2 (emphasis added) (Exhibit B).   In Pennsylvania, Quad/Tech requested (but did not obtain) a broad remedy as to the alleged infringement of the '577 patent. In California, Quad/Tech prays that QIPC "be preliminarily and permanently enjoined from further and continued infringement of the claims of the '577 Patent and the '508 Patent as provided by 35 U.S.C. § 283."  Quad/Tech First Amended California Complaint at 8 (Exhibit G).

Second, in addition to overlapping remedies, there are overlapping charges of infringement:

| Infringement Charge First Amended Pennsylvania Complaint | Infringement Charge (Proposed) Second Amended Pennsylvania Complaint | Infringement Charge First Amended California Complaint |
|---|---|---|
| Upon information and belief, Defendants, acting alone or with others, are, and have been, infringing the claims of the '577 Patent by the continued manufacture, import, assembly, offer to sell, or sale of the mRC color control and cut-off system for presses and other devices within the United States without license from Quad/Tech, which product or products fall within the scope of one or more claims of the '577 patent. | Defendants, acting alone or with others, are, and have been, infringing the claims of the '577 Patent by the continued manufacture, import, assembly, offer to sell, or sale of the mRC, IRS, and IDS color control and cut-off systems for presses and other devices within the United States without license from Quad/Tech, which product or products fall within the scope of one or more claims of the '577 patent. | Defendants, acting alone or with others, are, and have been, directly infringing the claims of the '577 Patent by the continued manufacture, import, assembly, offer to sell, or sale of the IDS color control system for presses and other devices within the United States without license from Quad/Tech. |
| Quad/Tech First Amended Complaint Pennsylvania at ¶ 50 (Exhibit C) | Quad/Tech [Proposed] Second Amended Pennsylvania Complaint at ¶ 51 (Exhibit E) | Quad/Tech First Amended California Complaint at ¶ 29 (Exhibit G) |

Third, Quad/Tech's allegations of infringement of the '577 patent in the Pennsylvania case and of the '577 and '508 patents in the California case share a common factual basis. QIPC's IDS color density control system and QIPC's registration control systems are typically sold together, and the sole act tying QIPC to this judicial district is the sale of the mRC+™ color registration control system and the IDS color density control system together to QIPC's customer Transcontinental on or about June 20, 2008. Thus, Quad/Tech's two complaints are based on a common set of facts. *See Durney v. WaveCrest Labs.*, 441 F. Supp. 2d 1055, 1060 (N.D. Cal. 2005) ("In determining whether the same transactional nucleus of facts are involved, courts have focused on whether the two causes of action allege the same conduct and whether the two causes of action allege conduct which is contemporaneous."); *see also Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1063 (S.D. Cal. 2007) (finding a common transactional nucleus of operative facts where a party's pleadings alleged identical facts).

1    There are also common factual and legal issues between the two cases with respect to

2   QIPC's affirmative defenses.  In the Pennsylvania case, QIPC asserted the affirmative defenses of

3   invalidity of the '577 patent, non-infringement of the '577 patent, prosecution history estoppel,

4   lack of notice of the '577 patent, statute of limitations, equitable defenses, and patent misuse.  *See*

5   QIPC's Answer to First Amended Complaint (Exhibit D).  QIPC expects to raise the same

6   defenses in the California case, if it were to go forward.  Thus, joint disposition of the two cases

7   is appropriate, because it would "disclose[] a cohesive narrative" with respect to QIPC's alleged

8   infringement, baseless though it is.  *Adams*, 487 F.3d at 689-90.

9           **2.     Allowing the California Case to Proceed Will Eviscerate the Rulings of
                     Judge Robreno in the Pennsylvania Case.**
10

11          Most significantly, this case threatens to undo Judge Robreno's orders in the Pennsylvania

12   case and the consequences that flow from them.  This case is directly analogous to the situation in

     *Biogenex Laboratories*, in which the patent owner tried to evade the denial of its motion for leave
13
     to amend its infringement contentions to add an additional patent claim.  Judge Fogel ruled that:
14

15          a patent plaintiff should not be permitted to avoid the adverse consequences of
            failing [to] assert all patent claims in a pending action by simply filing a new
16          patent action. . . .  Otherwise, this Court's express requirements governing patent
            litigation and, in particular, preliminary infringement contentions, would be totally
17          eviscerated. If it were to permit Biogenex to assert claim 5 of the '452 patent in the
            Second Action, the Court almost certainly would consolidate or at least relate the
18          two actions for purposes of judicial economy, as they involve the same patents and
            the same accused conduct. Were that to happen, all of the efforts of the Court and
19          the parties relating to litigation of the '452 patent in the First Action, including the
            question of whether Biogenex should be permitted to assert claim 5 in that action,
20          would be negated. Biogenex essentially would have obtained a reversal of the
            Court's ruling in the First Action.

21   *Biogenex Labs*, 2005 U.S. Dist. LEXIS 45405, at *8-9.

22          This motion to dismiss should be granted for the same reason the motion to dismiss in

23   *Biogenex Laboratories* was granted.  In the Pennsylvania case, Judge Robreno denied

24   Quad/Tech's motion for a preliminary injunction against infringement of the '577 patent, stayed

25   the case pending Quad/Tech's appeal of the court's claim construction and finding that the mRC

26   system at issue did not infringe the '577 patent, and ruled that Quad/Tech may not amend its

27   complaint to expressly assert infringement against the IDS system.

28

1    The rule against claim splitting prevents Quad/Tech from avoiding these adverse rulings

2   by filing a duplicative action in another forum. *See, e.g., Adams*, 487 F. 3d at 688 (holding that

3   "the fact that plaintiff was denied leave to amend does not give [it] the right to file a second

4   lawsuit based on the same facts"); *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 500 F. Supp.

5   2d 864, 872-73 (N.D. Ill. 2007) (dismissing second-filed action involving same patent claims

6   against new products where new products were precluded from first-filed action); *American Stock*

7   *Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 92 (S.D.N.Y. 2002) ("Courts have consistently

8   held that a plaintiff is barred from asserting a patent in a subsequent action against products or

9   processes if that patent could have been asserted in the prior action.").  Judge Robreno's work in

10   the earlier-filed patent suit "could be eviscerated through the re-trial" involving the same patent

11   and similar technology in a later-filed patent case.  *Single Chip Sys.*, 495 F. Supp. 2d at 1065.

12   That sorry state of affairs should not be risked here.

13        **B.      This Case Should Be Dismissed Under the First-To-File Rule.**

14       Quad/Tech's second patent infringement suit violates the first-to-file rule as well.  *See*

15   *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 624 (9th Cir. 1991) (discussing the purpose

16   of the first-to-file doctrine).  The first-to-file rule "permits a district court to decline jurisdiction

17   over an action when a complaint involving the same parties and issues has already been filed in

18   another district" and "[n]ormally sound judicial administration would indicate that when two

19   identical actions are filed in courts of concurrent jurisdiction, the court which first acquired

20   jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second

21   action." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).  The Federal

22   Circuit agrees that in patent cases "the general rule favors the forum of the first-filed action,"

23   unless the interests of justice or expediency require a departure.  *Genentech, Inc. v. Eli Lilly &*

24   *Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993).  Thus, absent an exception to the first-to-file rule, courts

25   "will defer to a court of first-filing, if the two matters before them exhibit chronology, identity of

26   parties, and similarity of issues." *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F.

27   Supp. 2d 949, 957 (N.D. Cal. 2008).  The test is whether:

28

(1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the issues; and (2) which of the two courts should resolve the case? The issues need not be identical to allow one court to decide the action, but there must be substantial overlap between the two suits.

*Id.* at 959-960 (quoting *Dumas v. Major League Baseball Props., Inc.*, 52 F.Supp.2d 1183, 1193 (S.D. Cal. 1999), *vacated on other grounds by*, 104 F.Supp.2d 1224 (S.D. Cal. 2000), *aff'd*, 300 F.3d 1083 (9th Cir. 2002)).

Under this test, the Pennsylvania case is the first-filed case. The parties to this case are also parties to the Pennsylvania case.[3] Quad/Tech made similar, even duplicative, allegations of infringement of the '577 patent in both lawsuits, seeking to name an mRC registration system, the IRS, and the IDS in the Pennsylvania case and naming the IDS in this case. The Pennsylvania case is the first-filed case even though it does not include the '508 patent: the first-to-file rule does not require the dueling suits to be identical, but "is satisfied by a ***sufficient*** similarity of issues." *Intersearch Worldwide,* 544 F. Supp. 2d at 959-60. Even though the '508 patent is not asserted in the Pennsylvania case, the issues are sufficiently similar. Quad/Tech sought to enjoin sale of the same products in the Pennsylvania case as it seeks to enjoin in the California case. The same documents will have to be produced, the same people deposed.

The procedural history and posture of the two cases favors dismissing this one. The Pennsylvania case has already proceeded past the preliminary injunction stage, and the parties have conducted discovery, motion practice, and an evidentiary hearing, whereas this case was only recently docketed. *See Intersearch Worldwide,* 544 F. Supp. 2d at 963 (dismissing a second-filed suit because the first-filed matter was more developed). Furthermore, none of the recognized exceptions to the first-to-file rule apply here. *See id.* at 960-62 (discussing exceptions to the first-to-file rule); *see also Alltrade*, 946 F.2d at 628 (same).

The application of the first-to-file rule is all the more important to enforce when the same party is the plaintiff in both concurrent actions. "[A]ny exception for cases where the same party

---

[3] The involvement of Print2Finish, LLC, as a defendant in the Pennsylvania case is immaterial. The first-to-file rule is satisfied "if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Intersearch Worldwide*, 544 F. Supp. 2d at 959 n.6.

1   is plaintiff in both actions would entail the danger that plaintiffs may engage in forum shopping

2   or, more accurately, judge shopping.  When they see a storm brewing in the first court, they may

3   try to weigh anchor and set sail for the hopefully more favorable waters of another district."

4   *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir. 1970).  Reasonable

5   observers may well conclude that there was a "storm brewing" in Judge Robreno's court, when

6   on one day in April 2010, he denied five Quad/Tech motions.  *Quad/Tech*, 701 F. Supp. 2d at

7   658.  And shortly thereafter, when Judge Robreno denied Quad/Tech's motion to lift the stay of

8   the Pennsylvania case, Quad/Tech "set sail" for California.  *See* Pennsylvania Docket, at Docket

9   Entry No. 114 (Exhibit A).  Quad/Tech, a Wisconsin-headquartered corporation, selected the

10   Eastern District of Pennsylvania as the forum to resolve its disputes with QIPC.  Let that choice

11   prevail, and this case be dismissed in favor of the first-filed one.

12   **C.    In the Alternative, the Court Should Transfer This Case to the Eastern District of Pennsylvania Pursuant to 28 U.S.C. § 1404(a).**

13   

14   If this Court chooses not to dismiss this case, the balance of factors under 28 U.S.C.

15   § 1404(a) strongly favors transferring the case to the Eastern District of Pennsylvania.  "For the

16   convenience of parties and witnesses, in the interest of justice, a district court may transfer any

17   civil matter to any other district or division where it might have been brought."[4]  28 U.S.C.

18   § 1404(a).  To determine whether the convenience of the parties and the interests of justice

19   warrant transfer, courts in the Ninth Circuit examine:  "(1) plaintiff's choice of forum; (2)

20   convenience of the parties and witnesses; (3) ease of access to the evidence; (4) familiarity of

21   each forum with the applicable law; (5) feasibility of consolidation with other claims; (6) any

22   local interest in the controversy; and (7) the relative court congestion and time to trial in each

23   forum."  *Cardoza v. T-Mobile USA Inc.*, No. 08-5120 SC, 2009 U.S. Dist. LEXIS 25895, at *6

24   (N.D. Cal. Mar. 18, 2009).

25   

26   [4] Quad/Tech cannot dispute that this action could have been brought in the Eastern District of Pennsylvania, as required for transfer pursuant to 28 U.S.C. § 1404(a).  Indeed, Quad/Tech already attempted to assert infringement by QIPC's IDS in that court, but was properly denied leave to amend its complaint owing to other factors.  There is no dispute over personal jurisdiction and venue in the Pennsylvania case.

27   

28   

DEFENDANT QIPC-NA'S NOTICE OF MOTION AND MOTION TO DISMISS OR TRANSFER
Civil Action No.: CV-10-2243 (CRB)
pa-1423645

10

1    The Section 1404(a) factors demonstrate the propriety of transferring this action.  In this

2    case, Quad/Tech's choice of forum is not entitled to deference, because it appears to be a case of

3    forum shopping.  *See Alexander v. Franklin Res., Inc.*, No. 06-7121 SI, 2007 U.S. Dist. LEXIS

4    19727, at *11 (N.D. Cal. Feb. 14, 2007) ("[T]he Ninth Circuit has established that courts should

5    disregard a plaintiff's forum choice where the suit is a result of forum-shopping.  One could

6    reasonably infer forum shopping here, where the same plaintiff represented by the same law firm

7    filed a similar lawsuit in New Jersey, and after receiving unfavorable rulings from that court, filed

8    the instant case.") (citation omitted).

9    With respect to the convenience of the parties and witnesses, "appearing in a single

10   district is more convenient than appearing in two different districts on opposite coasts of the

11   country." *Alexander*, 2007 U.S. Dist. LEXIS 19727, at *10.  Transfer to the Eastern District of

12   Pennsylvania, therefore, would allow all the parties and witnesses to appear in a single court

13   proceeding and eliminate the costs of any necessary cross-country travel.  Moreover, written

14   discovery and document production has already occurred in the Pennsylvania case, and those

15   materials are located there.  Pennsylvania is more convenient for a small Rhode Island company

16   than is California.  *See In re Genentech, Inc.*, 566 F.3d 1338, 1343-45 (Fed. Cir. 2009) ("In patent

17   infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.

18   Consequently, the place where the defendant's documents are kept weighs in favor of transfer to

19   that location.").

20   Both this Court and the Eastern District of Pennsylvania are equally capable of applying

21   applicable federal patent law, and neither California nor Pennsylvania has special local interest in

22   the controversy in this case.  The time to trial is significantly less in the Pennsylvania case,

23   because the preliminary injunction proceedings and extensive discovery have already occurred in

24   Pennsylvania, and both lawsuits involve many common questions of law and fact related to

25   QIPC's alleged infringement of the '577 patent.

26   For these reasons, the factors under section 1404(a) favor transfer to the Eastern District

27   of Pennsylvania for disposition in conjunction with Quad/Tech's prior patent infringement claim

28   against QIPC.  Disposition in Pennsylvania would be more expeditious and more convenient for

1   the parties and the witnesses, and would avoid (a) a waste of judicial resources and (b) the risk of

2   inconsistent rulings, orders, and possibly judgments.

3   **IV.    CONCLUSION**

4       For all of the foregoing reasons, QIPC respectfully request that the Court dismiss the First

5   Amended Complaint.  In the alternative, QIPC respectfully request that this Court transfer the

6   California case to Judge Eduardo C. Robreno in the Eastern District of Pennsylvania.

7                                   Respectfully submitted,

8   Dated: September 20, 2010        By:   /s/ Marc David Peters

9

10                                   MORRISON & FOERSTER LLP
                                     Marc David Peters (CA SBN 211725)
11                                   Jamie Haruko Kitano (CA SBN 268078)
                                     755 Page Mill Road
12                                   Palo Alto, California  94304-1018
                                     Telephone: 650.813.5600
13                                   Facsimile: 650.494.0792
                                     MDPeters@mofo.com
14                                   JKitano@mofo.com

15                                   and

16                                   David D. Langfitt
                                     Locks Law Firm
17                                   601 Walnut Street, Suite 720 East
                                     Philadelphia, PA  19106
18                                   Telephone: (215) 893-3423
                                     dlangfitt@lockslaw.com

19                                   and

20                                   Robert R. Axenfeld
                                     Jo Rosenberger Altman
21                                   Montgomery, McCracken,
                                         Walker & Rhoads, LLP
22                                   123 S. Broad Street
                                     Philadelphia, PA  19109
23                                   Telephone: (215) 772-1500
                                     raxenfeld@mmwr.com
24                                   jaltman@mmwr.com

25                                   *Counsel for Defendant*

26                                   **Q.I. Press Controls North America Ltd., Inc.**

27

28

DEFENDANT QIPC-NA'S NOTICE OF MOTION AND MOTION TO DISMISS OR TRANSFER
Civil Action No.: CV-10-2243 (CRB)                                          12
pa-1423645