Frederick A. Tecce (admitted *pro hac vice*)
Email: ftecce@mcshea-tecce.com
McSHEA \ TECCE, P.C.
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, Pennsylvania 19103
Telephone: 215-599-0800
Facsimile: 215-599-0888

Jason Pauls (proceeding *pro hac vice*)
Email: jason.pauls@qg.com
Quad/Tech, Inc.
N63 W23075 State Highway 74
Sussex, WI 53089-2827
Telephone: 414-566-4408
Facsimile: 414-566-2011

Marc N. Bernstein (CA SBN 145837)
Email: mbernstein@blgrp.com
Alice C. Garber (CA SBN 202854)
Email: agarber@blgrp.com
THE BERNSTEIN LAW GROUP, P.C.
555 Montgomery Street, Suite 1650
San Francisco, California 94111
Telephone: 415-765-6633
Facsimile: 415-283-4804

Attorney for Plaintiff Quad/Tech Inc.

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| QUAD/TECH INC., a Wisconsin Corp., <br><br> Plaintiff, <br><br> v. <br><br> Q.I. PRESS CONTROLS B.V. of The Netherlands, AND <br><br> Q.I PRESS CONTROLS NORTH AMERICA LTD., INC., a Rhode Island Corp., <br><br> Defendants. | Civil Action No.: CV 10-2243 CRB <br><br> **DECLARATION OF FREDERICK A. TECCE IN SUPPORT OF QUAD/TECH INC.'S OPPOSITION TO DEFENDANT QIPC-NA'S MOTION TO DISMISS OR TRANSFER** <br><br> Date: November 5, 2010 <br> Time: 10:00 a.m. <br> Dept.: Courtroom 8, 19th Floor <br> Judge: Honorable Charles R. Breyer |

I, Frederick A. Tecce declare the following:

1. I am a partner in the law firm MCSHEA\TECCE, P.C. located in Philadelphia, Pennsylvania. I have been admitted *pro hac vice*, (DE 35) for plaintiff Quad/Tech, Incorporated ("Quad/Tech") in the above captioned case.

2. I am over eighteen (18) years of age. I have personal knowledge of the facts set forth herein, and if called to testify, could and would swear to the statements herein. I make this declaration in support of the opposition of Quad/Tech to the motion to dismiss the amended complaint in this case or alternate motion to transfer venue filed by defendant Q.I. Press Controls North America, Inc. ("QIPC").

3. A true and correct copy of the April 1, 2010 order, docketed on April 6, 2010 as docket entry number 100, issued by the Honorable Eduardo C. Robreno in *Quad/Tech, Inc. v. Q.I. Press Controls B.V., et al.*, No. 09-2561-ER, U.S.D.C., E.D. Pa. ("Pennsylvania Case") is attached hereto as Exhibit A.

4. A true and correct copy of the recent Federal Case Management Statistics regarding the U.S. District Court - Judicial Caseload Profile Report for the Northern District of California from the web site www.uscourt.gov is attached hereto as Exhibit B.

5. A true and correct copy of the recent Federal Case Management Statistics regarding the U.S. District Court - Judicial Caseload Profile Report for the Eastern District of Pennsylvania from the web site www.uscourt.gov is attached hereto as Exhibit C.

6. This case and the Pennsylvania Case involve different patent claims. This case asserts infringement of the claims of United States Patent No. 7,032,508 ("the '508 Patent"). The '508 Patent was never in dispute in the Pennsylvania Case. This case also asserts infringement against the defendants of certain claims of United States Patent No. 5,412,577 ("the '577 Patent"). There is no overlap between the claims of the '577 Patent at issue in this case and the claims of the '577 Patent at issue in the Pennsylvania Case. Only the claims of the '577 Patent dealing with camera positioning technology are at issue in this case while other claims dealing with register control technology of the '577 Patent are at issue in the Pennsylvania Case.

7.      This case and the Pennsylvania Case involve different products.  This case involves QIPC's color control product, the Intelligent Density Control System ("IDS").  The IDS at issue here is a completely different product than the markless register control device ("mRC") at issue in the Pennsylvania Case.  The products and technology at issue in the Pennsylvania case involve registration control, which is the process which controls the spatial relationship between dots of various colors which must precisely placed on the surface (or web) with respect to each other.  The products at issue in this case control color density, which is a completely different process for insuring that correct colors are created by controlling the amount of the respective inks placed on the paper (or web).

8.      While QIPC raised invalidity of the '577 Patent as an affirmative defense in the Pennsylvania Case, it did nothing to pursue that defense during the several months of discovery on the infringement claim in that case, and it did not produce any evidence or expert report addressing invalidity of that patent in support of its opposition to Quad/Tech's preliminary injunction motion.

9.      In the Pennsylvania Case, the court ordered a stay solely due to Quad/Tech's appeal of preliminary injunction rulings about the defendants' mRC register control product.  That product is not at issue here.  As such, neither the pending appeal nor the facts underlying it will have any impact on this case.  Notably, the ultimate construction of the claim term "image" (the only term construed in the Pennsylvania Case) has no bearing on this case.  The district court in Philadelphia construed the term image as "the actual printed image (i.e. a scene or picture) excluding registration marks."  April 1, 2010 Order Denying Preliminary Injunction (DE 99) at 21.  Although Quad/Tech disagrees with that interpretation and has appealed that issue to the United States Court of Appeals for the Federal Circuit, the accused IDS system meets that definition in that it examines the "actual printed image (i.e. a scene or picture)" and does NOT examine the registration marks.

10.     At the time Quad/Tech filed its motion for leave to file a second amended complaint in the Pennsylvania Case it had a reasonable expectation that QIPC would consent to personal jurisdiction in Pennsylvania on the proposed claim.  Indeed, while

1  QIPC opposed Quad/Tech's motion, it did not challenge Quad/Tech's proposed claim on
2  lack of personal jurisdiction grounds.
3      11.   When Quad/Tech commenced this suit, it could not have brought this case
4  against QIPC in a Pennsylvania court since: QIPC was not a Pennsylvania corporation;
5  QIPC did not have a Pennsylvania office; QIPC did not transact a continuous and
6  substantial amount of business in Pennsylvania.  Quad/Tech is not aware of any IDS color
7  density control sale in the Eastern District of Pennsylvania judicial district.  Events giving
8  rise to jurisdiction in this case occurred exclusively in the Northern District of California
9  judicial district, including the sale of the IDS color density control product in Fremont,
10 California.
11     12.   The Pennsylvania Case involves Lanham Act, common law unfair
12 competition, and tortious interference with prospective contracts claims against QIPC and
13 its Pennsylvania distributor for which discovery has not begun.
14     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing
15 statements are true and correct.

17 Dated: October 15, 2010          By: _____/s/_____
18                                       Frederick A. Tecce

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUAD/TECH, INC. | : | CIVIL ACTION |
| | : | NO. 09-2561 |
| Plaintiff, | : | |
| v. | : | |
| Q.I. PRESS CONTROLS B.V., et. al, | : | |
| Defendants. | : | |

### O R D E R

**AND NOW**, this **1st** day of **April, 2010**, it is hereby **ORDERED** that Plaintiff's motion for preliminary injunction (doc. no. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file a second amended complaint (doc. no. 92) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an adverse inference and sanctions (doc. no. 94) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to narrow its claim construction (doc. no. 97) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file a reply brief in support of its motion for leave to file a second amended complaint (doc. no. 98) is **DENIED**.

**AND IT IS SO ORDERED.**

s/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**

# EXHIBIT B

**EXHIBIT B**

## U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| CALIFORNIA NORTHERN | | | 2009 | 2008 | 2007 | 2006 | 2005 | 2004 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 7,576 | 7,295 | 7,970 | 8,683 | 6,362 | 6,727 | | |
| | Terminations | | 7,403 | 7,402 | 6,777 | 6,983 | 6,966 | 6,471 | | |
| | Pending | | 8,579 | 8,882 | 9,005 | 8,157 | 6,557 | 7,267 | | |
| | % Change in Total Filings | Over Last Year | | 3.9 | | | | | 44 | 11 |
| | | Over Earlier Years | | | -5.0 | -12.8 | 19.1 | 12.6 | 13 | 5 |
| | Number of Judgeships | | 14 | 14 | 14 | 14 | 14 | 14 | | |
| | Vacant Judgeship Months** | | 22.0 | 5.9 | .0 | .0 | .0 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 541 | 521 | 569 | 620 | 455 | 480 | 19 | 6 |
| | | Civil | 433 | 441 | 505 | 558 | 390 | 413 | 15 | 4 |
| | | Criminal Felony | 64 | 42 | 33 | 37 | 39 | 44 | 49 | 10 |
| | | Supervised Release Hearings** | 44 | 38 | 31 | 25 | 26 | 23 | 18 | 7 |
| | Pending Cases | | 613 | 634 | 643 | 583 | 468 | 519 | 10 | 2 |
| | Weighted Filings** | | 607 | 592 | 624 | 621 | 543 | 581 | 9 | 4 |
| | Terminations | | 529 | 529 | 484 | 499 | 498 | 462 | 20 | 5 |
| | Trials Completed | | 6 | 6 | 8 | 8 | 10 | 10 | 93 | 14 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 6.9 | 11.2 | 12.4 | 11.2 | 12.6 | 11.1 | 17 | 3 |
| | | Civil** | 9.4 | 7.7 | 6.7 | 7.4 | 9.8 | 8.2 | 57 | 11 |
| | From Filing to Trial** (Civil Only) | | 24.5 | 30.0 | 24.9 | 25.0 | 28.0 | 22.5 | 36 | 4 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 1,220 | 488 | 393 | 528 | 530 | 430 | | |
| | | Percentage | 15.7 | 6.0 | 4.7 | 7.3 | 9.5 | 6.9 | 86 | 15 |
| | Average Number of Felony Defendants Filed Per Case | | 1.2 | 1.3 | 1.2 | 1.5 | 1.5 | 1.4 | | |
| | Jurors | Avg. Present for Jury Selection | 77.51 | 64.09 | 53.81 | 59.09 | 55.21 | 61.19 | | |
| | | Percent Not Selected or Challenged | 48.5 | 42.1 | 41.9 | 43.2 | 31.0 | 46.9 | | |

### 2009 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE

| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Civil | 6059 | 101 | 290 | 1526 | 99 | 214 | 612 | 582 | 349 | 448 | 753 | 92 | 993 |
| Criminal* | 888 | 9 | 154 | 357 | 103 | 104 | 30 | 25 | 9 | 19 | 31 | 28 | 19 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.

\** See "Explanation of Selected Terms."

# EXHIBIT C

**EXHIBIT C**

## U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| PENNSYLVANIA EASTERN | | | 2009 | 2008 | 2007 | 2006 | 2005 | 2004 | | |
| OVERALL CASELOAD STATISTICS | Filings* | | 48,671 | 40,355 | 20,809 | 32,932 | 17,435 | 16,198 | U.S. | Circuit |
| | Terminations | | 40,960 | 9,064 | 11,331 | 29,043 | 15,856 | 12,754 | | |
| | Pending | | 65,312 | 57,548 | 25,758 | 15,696 | 11,603 | 9,930 | | |
| | % Change in Total Filings | Over Last Year | | 20.6 | | | | | 3 | 1 |
| | | Over Earlier Years | | | 133.9 | 47.8 | 179.2 | 200.5 | 1 | 1 |
| Number of Judgeships | | | 22 | 22 | 22 | 22 | 22 | 22 | | |
| Vacant Judgeship Months** | | | 3.7 | 22.4 | .0 | 7.0 | 12.0 | 34.6 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 2,213 | 1,834 | 946 | 1,497 | 793 | 737 | 1 | 1 |
| | | Civil | 2,164 | 1,786 | 897 | 1,454 | 747 | 694 | 1 | 1 |
| | | Criminal Felony | 32 | 32 | 32 | 28 | 31 | 32 | 85 | 5 |
| | | Supervised Release Hearings** | 17 | 16 | 17 | 15 | 15 | 11 | 64 | 1 |
| | Pending Cases | | 2,969 | 2,616 | 1,171 | 713 | 527 | 451 | 1 | 1 |
| | Weighted Filings** | | 351 | 371 | 341 | 386 | 611 | 495 | 69 | 4 |
| | Terminations | | 1,862 | 412 | 515 | 1,320 | 721 | 580 | 1 | 1 |
| | Trials Completed | | 19 | 14 | 12 | 13 | 15 | 12 | 49 | 4 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 14.3 | 12.5 | 11.3 | 12.8 | 11.3 | 11.6 | 89 | 5 |
| | | Civil** | 13.2 | 4.8 | 5.7 | 1.0 | 1.0 | 1.0 | 90 | 5 |
| | From Filing to Trial** (Civil Only) | | 22.7 | 26.0 | 19.4 | 18.0 | 20.8 | 16.0 | 30 | 1 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 8,839 | 807 | 577 | 450 | 315 | 292 | | |
| | | Percentage | 13.8 | 1.4 | 2.3 | 3.0 | 2.9 | 3.3 | 84 | 4 |
| | Average Number of Felony Defendants Filed Per Case | | 1.4 | 1.5 | 1.4 | 1.4 | 1.5 | 1.4 | | |
| | Jurors | Avg. Present for Jury Selection | 73.42 | 73.17 | 69.09 | 73.44 | 67.73 | 74.08 | | |
| | | Percent Not Selected or Challenged | 36.5 | 37.0 | 40.9 | 40.9 | 39.0 | 43.9 | | |

### 2009 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE

| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Civil | 47606 | 286 | 41608 | 1007 | 54 | 112 | 352 | 903 | 862 | 141 | 1373 | 108 | 800 |
| Criminal* | 689 | 5 | 173 | 74 | 189 | 101 | 47 | 26 | 17 | 10 | 13 | 14 | 20 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.

\*\* See "Explanation of Selected Terms."

**Declaration of Frederick A. Tecce In Support of Quad/Tech Inc.'s Opposition to Defendant QIPC-NA's Motion to Dismiss or Transfer**
**(continued)**

### Attestation of Concurrence

I, Marc N. Bernstein, as the ECF user and filer of this document, attest that concurrence in the filing of this document has been obtained from Frederick A. Tecce, the above signatory.

Dated: Oct. 15, 2010                            _____/s/_____
                                                                Marc N. Bernstein