| | |
|---|---|
| Frederick A. Tecce (admitted *pro hac vice*)<br>Email: ftecce@mcshea-tecce.com<br>**MCSHEA\ TECCE, P.C**.<br>The Bell Atlantic Tower - 28th Floor<br>1717 Arch Street<br>Philadelphia, Pennsylvania 19103<br>Telephone: 215-599-0800<br>Facsimile:   215-599-0888 | MORRISON & FOERSTER LLP<br>Marc David Peters (CA SBN 211725)<br>Jamie Haruko Kitano (CA SBN 268078)<br>755 Page Mill Road<br>Palo Alto, California 94304-1018<br>Telephone: 650.813.5600<br>Facsimile: 650.494.0792<br>MDPeters@mofo.com<br>JKitano@mofo.com |
| Jason Pauls (proceeding *pro hac vice*)<br>Email: jason.pauls@qg.com<br>Quad/Tech, Inc.<br>N63 W23075 State Highway 74<br>Sussex, WI 53089-2827<br>Telephone:  414-566-4408<br>Facsimile:   414-566-2011 | David D. Langfitt<br>Locks Law Firm<br>601 Walnut Street, Suite 720 East<br>Philadelphia, PA 19106<br>Telephone: (215) 893-3423<br>dlangfitt@lockslaw.com |
| Marc N. Bernstein (CA SBN 145837)<br>Email: mbernstein@blgrp.com<br>Alice C. Garber (CA SBN 202854)<br>Email: agarber@blgrp.com<br>THE BERNSTEIN LAW GROUP, P.C.<br>555 Montgomery Street, Suite 1650<br>San Francisco, California  94111<br>Telephone:  415-765-6633<br>Facsimile:   415-283-4804 | Robert R. Axenfeld<br>Jo Rosenberger Altman<br>Montgomery, McCracken,<br>Walker & Rhoads, LLP<br>123 S. Broad Street<br>Philadelphia, PA 19109<br>Telephone: (215) 772-1500<br>raxenfeld@mmwr.com<br>jaltman@mmwr.com |
| Attorney for Plaintiff Quad/Tech Inc. | *Counsel for Defendant*<br>Q.I. Press Controls North America Ltd., Inc |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| QUAD/TECH INC., a Wisconsin Corp.,<br><br>Plaintiff,<br><br>v.<br><br>Q.I. PRESS CONTROLS B.V. of The Netherlands, AND<br><br>Q.I PRESS CONTROLS NORTH AMERICA LTD., INC., a Rhode Island Corp.,<br><br>Defendants. | Civil Action No.:  CV 10-2243 CRB<br><br>**PARTIES' JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:     Hon. Charles R. Breyer<br>Ctrm:      8<br>Date:      November 5, 2010<br>Time:      10:00 a.m. |

**1.     Jurisdiction and Service**

Jurisdiction in this case is founded upon 28 U.S.C. §§ 1331 & 1338, which provide for subject matter jurisdiction in matters involving United States Patents.

Service was effectuated upon defendant Q.I. Press Controls North America Ltd., Inc. ("Q.I.") in accordance with Rule 4 of the Federal Rules of Civil Procedure and the California long-arm statute.

Defendant Q.I. Press Controls B.V. is a Netherlands corporation who, despite the fact that they waived service in a previous dispute involving these parties, has refused to accept or waive service of process in this case to date.

**QIPC-NA's position:**

Plaintiff Quad/Tech filed this suit in May 2010 and has yet to take any steps to effectuate service on QIPC-NA's corporate parent QIPC-BV, a Netherlands corporation, under the Hague Convention. As explained below, Quad/Tech's dilatory behavior will continue to disrupt this case's schedule. U.S. law imposes no obligation on foreign corporations to waive their right to proper service of process, and QIPC-BV declines to accept service of a complaint that never should have been filed, for the reasons explained in QIPC-NA's motion to dismiss or transfer. For the same or similar reasons, there may be issues with personal jurisdiction and venue, as the complained-of acts took place outside the United States and not in this judicial district.

**2.     Facts**

This is a patent infringement action brought by Quad/Tech, Incorporated ("Quad/Tech") against defendants Q.I. Press Controls B.V. of the Netherlands and Q.I. Press Controls North America Ltd., Inc. (together "Q.I.P.C.").

In its Complaint, Quad/Tech alleges that Q.I.P.C. infringe claims of United States Patent No. 5,412,577, entitled "Color Registration System For a Printing Press" (the "'577 Patent") and claims of United States Patent No. 7,032,508, entitled "Printing Press" (the "'508 Patent") by offering for sale and selling Q.I.'s Intelligent Density System ("IDS").

**QIPC-NA's position:**

QIPC-NA is a separate corporation with a separate corporate existence from its parent QIPC-BV, and QIPC-NA objects to Quad/Tech's failure to distinguish between the acts of the two companies. The sale of the IDS system at issue in this suit was made by QIPC-BV in Germany, an act beyond the reach of U.S. patent law.

### 3. Legal Issues

- Whether Q.I.P.C. infringes claims of the '577 and the '508 Patents.

- Whether this Court should entertain the claims asserted by Quad/Tech in this case or whether the case should be dismissed or transferred to the United States District Court for the Eastern District of Pennsylvania.

When the Court denies Q.I.'s motion to dismiss or transfer (discussed below), then Q.I.P.C. may assert various defenses and/or counterclaims. The parties agree that at that point, a further case-management conference may be helpful.

**QIPC-NA's position:**

The issue of whether QIPC-NA or QIPC-BV infringe the '577 patent is squarely before the United States District Court for the Eastern District of Pennsylvania, and for that and other reasons, the Court should dismiss or transfer this case. QIPC-NA proposes that the Court require Quad/Tech to complete service of QIPC-BV and set a case management conference promptly afterwards.

### 4. Motions

Q.I. has filed a motion to dismiss or transfer the current action to the United States District Court for the Eastern District of Pennsylvania ("Philadelphia Action"). Quad/Tech contends the motion is legally and factually unsupportable and has filed an opposition. The Court has scheduled a hearing on Q.I.'s motion for Friday, November 5, 2010.

### 5. Amendment of the Pleadings

Quad/Tech does not foresee adding additional parties or the need to amend the complaint. Q.I.P.C. has yet to answer and may assert various counterclaims.

### 6. Evidence Preservation

The parties are going concerns, and to the extent any have document-destruction programs in place, the parties are on notice that evidence must be maintained during the course of the litigation.

**7. Disclosures**

Quad/Tech and Q.I. have served their respective initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure.

**QIPC-NA's position:**

QIPC-NA has made its initial disclosures. QIPC-BV, which has not been served and is not yet a party to this suit, has not.

**8. Discovery**

No discovery has been taken to date. Quad/Tech does not believe that there are any reasons at this point to modify or limit the discovery provided for by Rule 26 of the Federal Rules of Civil Procedure. With respect to discovery schedule dates, Quad/Tech proposes the following discovery plan:

- April 29, 2011 – Close of all fact discovery
- July 15, 2011 – Production of each party's expert reports on all subjects for which that party bears the burden of proof
- August 15, 2011 – Production of response expert reports
- September 23, 2011 – Date by which experts must be deposed

**QIPC-NA's position:**

It does not make sense for the Court to set a case schedule until all defendants have been served. In particular, it is not sound case management to set a date for fact discovery to close that may come before the time QIPC-BV is even served with the complaint. The best approach, if the case is not dismissed or transferred to the Eastern District of Pennsylvania, is to require Quad/Tech to complete service of QIPC-BV and set a case management conference promptly afterwards, from which a typical case schedule that follows the Patent Local Rules should begin.

**9. Class Actions**

Not applicable.

**10. Related Cases**

While the same parties are involved in this case and *Quad/Tech, Inc. v. Q.I. Press Controls B.V. et al.*, Case No. 2:09-cv-02561, pending in the U.S. District Court for the Eastern District of

Pennsylvania, these two cases are not "related cases" under Local Rule 3-12, nor is the Pennsylvania case a pending "other action" under Local Rule 3-13, because it does not involve "all or a material part of the same subject matter" as this case.

**QIPC-NA's position:**

This case is related to *Quad/Tech, Inc. v. Q.I. Press Controls B.V. et al.*, Case No. 2:09-cv-02561, pending in the U.S. District Court for the Eastern District of Pennsylvania. For the reasons described in its motion, QIPC-NA argues that this case should be dismissed in favor of the Pennsylvania case, or, in the alternative, that this case should be transferred to Pennsylvania.

**11. Relief Sought**

The precise calculation of damages in connection with any pending claim depends on information that is not presently in the plaintiff's possession. *See* FED.R.CIV.P.26(a)(1)(C), Advisory Committee's Notes (1993). In accordance with the Court's Scheduling Order, the plaintiff will provide an expert report setting forth its computation of damages, which will not be less than a reasonable royalty, and will also include lost profits based on the defendants' sales of the Intelligent Density System and all convoyed sales related thereto. Quad/Tech further seeks a permanent injunction against any device covered by the claims of the two patents at issue.

**QIPC-NA's position:**

The Court's standing order requires a statement of the amount of damages sought and a description of the bases on which the damages are calculated. Quad/Tech's statement above fails to meet that requirement. According to Quad/Tech's opposition to QIPC-NA's motion to dismiss or transfer, this case concerns an IDS system used by Transcontinental, a printer with a facility in Fremont, California. Press releases about the QIPC-BV systems in use by Transcontinental (including the IDS) are available on QIPC-BV's website and are well-known to Quad/Tech (they were attachments to Quad/Tech's motions in the Pennsylvania case). Quad/Tech has all the information it needs to calculate its alleged damages (whether lost profits or reasonable royalty) with respect to the Transcontinental business opportunity.

**12.     Settlement and ADR**

The parties are currently adverse to each other with respect to related subject matter in an appeal pending before the United States Courts of Appeals for the Federal Circuit ("Federal Circuit"). In connection with that appeal, the parties have availed themselves of the Federal Circuit mediation process. The parties met with the Federal Circuit's mediator James Amend on October 27, 2010 and did not reach a settlement. At the election of the mediator, the parties remain within the Federal Circuit mediation program for future possible discussions.

**13.     Consent to Magistrate Judge**

Neither party consents to have a magistrate judge conduct all further proceedings.

**14.     Other Reference**

At this time, the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multi-District Litigation.

**15.     Narrowing of Issues**

Defendants have not yet filed an answer or counterclaims. As such, at this time, the parties are not in a position to identify any issues which could be narrowed by agreement or otherwise.

**16.     Expedited Schedule**

The parties do not believe that the case can be handled on an expedited basis.

**17.     Scheduling**

See Section 8 above regarding discovery.

**18.     Trial**

The case is to be tried to a jury. Quad/Tech expects that it can present its case-in-chief in 4-5 trial days, including jury selection.

**QIPC-NA's position:**

Assuming this case goes forward in this District against all named defendants, QIPC-NA believes trial can be completed in approximately ten trial days.

**19. Disclosure of Non-Party Interested Entities or Persons**

The parties have complied with Local Rule 3-16 regarding disclosures.

**QIPC-NA's position:**

QIPC-NA's corporate parent is QIPC-BV.  QIPC-NA disclosed and again discloses Q.I. Press Controls B.V. and Q.I. Press Controls Holding B.V., both of the Netherlands, as corporations with financial interests that could be affected by the outcome of the proceeding.

**20.    Other Matters**

The following information is provided pursuant to the Court's Local Patent Rules:

> **Patent Local Rule (a)(1):  Proposed modification of the deadlines provided for in the Patent Local Rules, and the effect of any such modification on the date and time of the Claim Construction Hearing, if any:**

Quad/Tech believes that the schedule provided for by the Patent Local Rules is appropriate and should be as follows:

| | |
|---|---|
| November 19, 2010 | Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Allegations (P.L.R. 3-1) |
| January 3, 2011 | Defendants' Invalidity Contentions (P.L.R. 3-3) |
| January 17, 2011 | Exchange of proposed terms for construction (P.L.R. 4-1) |
| February 7, 2011 | Exchange of proposed constructions (P.L.R. 4-2) |
| March 4, 2011 | Joint Claim Construction Pre-hearing Statement (P.L.R. 4-3) |
| April 4, 2011 | Completion of claim construction discovery (P.L.R. 4-4) |
| April 19, 2011 | Plaintiff files opening claim construction brief (P.L.R. 4-5) |
| May 3, 2011 | Defendants file responsive claim construction brief (P.L.R. 4-5) |
| May 10, 2011 | Plaintiff files reply claim construction brief (P.L.R. 4-5) |
| May 24, 2011 | Claim construction hearing (P.L.R. 4-6) |

> **Patent Local Rule (a)(2):  Whether the Court will hear live testimony at the Claim Construction Hearing:**

Given the Federal Circuit's opinion regarding expert testimony in connection with claim construction, Quad/Tech believes that the Claim Construction Hearing will not require expert testimony.

**Patent Local Rule (a)(3): The need for and any specific limits on discovery relating to claim construction, including the depositions of witnesses, including expert witnesses:**

Claim construction is predicated almost entirely upon the intrinsic record which is set at this point. As such, Quad/Tech does not believe that there needs to be any special considerations regarding discovery specifically related to claim construction. To the extent that it becomes necessary to consider expert opinions and testimony regarding claim construction, the discovery schedule proposed by Quad/Tech will afford the parties the opportunities to present these opinions and depose the relevant experts prior to the Claim Construction Hearing.

**Patent Local Rule (a)(4): The order of presentation at the Claim Construction Hearing:**

As the patentee, Quad/Tech will present argument in support of its proposed constructions; the defendants will present their arguments in response to Quad/Tech's proposed constructions and in support of the defendants' proposed constructions; and, Quad/Tech, as the party with the burden of proof on infringement, will present its reply arguments in support of its proposed constructions. Depending on the number of terms finally in dispute, it may be best to address the specific terms on a term-by-term basis.

**Patent Local Rule (a)(5): The scheduling of a Claim Construction Prehearing Conference to be held after the Joint Claim Construction and Prehearing Statement provided for in Patent L.R. 4-3 has been filed:**

Depending on the number of terms ultimately in dispute, Quad/Tech believes it may be helpful to have a Claim Construction Pre-Hearing Conference after the filings of the Joint Claim Construction and Pre-Hearing Statement.

**Patent Local Rule 2-1(b): Further Case Management Conferences:**

Subject to the Court's schedule, Quad/Tech believes that a further Case Management Conference should be scheduled in late January 2011 or early February 2011 so that the Court and the parties can address the progression of discovery as well as any case-management issues under Rules 16 and 26 of the Federal Rules of Civil Procedure, and the Local Patent Rules.

**QIPC-NA's position:**

It does not make sense for the Court to set a schedule for Patent Local Rule disclosures until all defendants have been served. In particular, it is not sound case management to set dates for a claim construction process that will begin and may end before QIPC-BV is even served with the complaint. The best approach, if the case is not dismissed or transferred to the Eastern District of Pennsylvania, is to require Quad/Tech to complete service of QIPC-BV and set a case management conference promptly afterwards, from which a typical case schedule that follows the Patent Local Rules should begin.

The claim construction issues in this case may be substantially affected or even determined by the proceedings in *Quad/Tech, Inc. v. Q.I. Press Controls B.V. et al.*, Case No. 2:09-cv-02561, pending in the U.S. District Court for the Eastern District of Pennsylvania, and the related appeal to the Federal Circuit, in which Quad/Tech appeals Judge Robreno's claim construction ruling and finding of non-infringement in association with a denial of a preliminary injunction. Claim construction in this case may well require the participation of experts, as it did in the Pennsylvania case.

DATED: October 29, 2010

| By: */s/ Marc David Peters*<br>Marc David Peters | By: */s/ Marc N. Bernstein*<br>Marc N. Bernstein |
|---|---|
| MORRISON & FOERSTER LLP<br>Marc David Peters (CA SBN 211725)<br>Jamie Haruko Kitano (CA SBN 268078)<br>755 Page Mill Road<br>Palo Alto, California 94304-1018<br>Telephone: 650.813.5600<br>Facsimile: 650.494.0792<br>MDPeters@mofo.com<br>JKitano@mofo.com<br><br>and<br><br>David D. Langfitt<br>Locks Law Firm<br>601 Walnut Street, Suite 720 East<br>Philadelphia, PA 19106<br>Telephone: (215) 893-3423<br>dlangfitt@lockslaw.com<br><br>and<br><br>Robert R. Axenfeld<br>Jo Rosenberger Altman<br>Montgomery, McCracken,<br>Walker & Rhoads, LLP<br>123 S. Broad Street<br>Philadelphia, PA 19109<br>Telephone: (215) 772-1500<br>raxenfeld@mmwr.com<br>jaltman@mmwr.com<br><br>*Counsel for Defendant*<br>**Q.I. Press Controls North America Ltd., Inc.** | Marc N. Bernstein (CA SBN 145837)<br>Email: mbernstein@blgrp.com<br>Alice C. Garber (CA SBN 202854)<br>Email: agarber@blgrp.com<br>THE BERNSTEIN LAW GROUP, P.C.<br>555 Montgomery Street, Suite 1650<br>San Francisco, California 94111<br>Telephone: 415-765-6633<br>Facsimile: 415-283-4804<br><br>Frederick A. Tecce (admitted *pro hac vice*)<br>Email: ftecce@mcshea-tecce.com<br>McSHEA \ TECCE, P.C.<br>The Bell Atlantic Tower - 28th Floor<br>1717 Arch Street<br>Philadelphia, Pennsylvania 19103<br>Telephone: 215-599-0800<br>Facsimile: 215-599-0888<br><br>Jason Pauls (proceeding *pro hac vice*)<br>Email: jason.pauls@qg.com<br>Intellectual Property Counsel<br>Quad/Tech, Inc.<br>N63 W23075 State Highway 74<br>Sussex, WI 53089-2827<br>Telephone: 414-566-4408<br>Facsimile: 414-566-2011<br><br><br>Attorneys for Plaintiff **Quad/Tech Inc.** |

**Parties' Joint Case Management Statement**
**(continued)**

### Attestation of Concurrence

I, Marc N. Bernstein, as the ECF user and filer of this document, attest that concurrence in the filing of this document has been obtained from Marc David Peters, the above signatory.

Dated: Oct. 29, 2010

                                          /s/
                                     Marc N. Bernstein