IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QUAD/TECH INC.,

    Plaintiffs,

v.

Q.I. PRESS CONTROLS, et al.,

    Defendants.

No. C 10-2243 CRB

**ORDER GRANTING MOTION TO DISMISS**

Now pending before the Court is Defendant's[1] Motion to Dismiss under Rule 12(b)(6) or in the alternative, to Transfer Venue.

This patent infringement suit involves printing technology for newspapers, magazines, and similar mass-market items. In this action, Plaintiff claims that Defendants' Intellingent Density System ("IDS") infringes Plaintiff's patents nos. 7,032,508 ("508 patent") and 5,412,577 ("577 patent"). In other words, Plaintiff brings two causes of action in this suit: (1) alleged infringement of the 508 patent by the IDS device ("508/IDS cause of action") and (2) alleged infringement of the 577 patent by the IDS device ("577/IDS cause of action").

Pending in the Eastern District of Pennsylvania is another patent infringement suit involving similar claims between similar parties. In particular, the same Plaintiff claims that

---

[1] There are two named Defendants in this case, but only one Defendant, Q.I. Press Controls North America, brings this Motion. The other Defendant, Q.I. Press Controls B.V. of the Netherlands, has not yet been served.

the same Defendants[2] infringe the 577 patent with their markless Register Control device ("mRC") ("577/mRC cause of action").

Defendant moves to dismiss this case under Rule 12(b)(6) on grounds of the first-to-file rule or claim-splitting. In the alternative, Defendant moves to transfer this case under 28 U.S.C. § 1404(a) to Pennsylvania. For the following reasons, the Court TRANSFERS the 508/IDS cause of action to Pennsylvania under the first-to-file rule, DISMISSES the 577/IDS cause of action without prejudice under the first-to-file rule, and does not reach the alternative Motion to Transfer Venue.

## I.  BACKGROUND

On June 5, 2009, Plaintiff Quad/Tech filed suit in the Eastern District of Pennsylvania claiming, among other things, that Defendants Q.I. Press Controls B.V. and Q.I. Press Controls North America infringed Plaintiff's 577 patent with their mRC device. See Defendant's Request for Judicial Notice ("RJN") (Dkt. 16) Ex. A, C.

Less than a month later, on July 2, 2009, Plaintiff filed a motion for preliminary injunction in that case. Id. Ex. A. The parties filed opposition, reply, and surreply briefs, and pre-hearing briefs on specific issues. Id. The court then held a hearing, and the parties filed post-hearing briefs on claim construction and proposed findings of fact and law. Id. After all of this work had been done, Plaintiff, on March 22, 2010, sought leave from the court to file a second amended complaint, to add a claim that the IDS also infringed the 577 patent. Motion for Leave to File a Second Amended Complaint (Dkt. 92), Case No. 09-2561 (E.D. Pa. 2010).

On April 6, 2010, the court issued an opinion denying the preliminary injunction. See Quad/Tech, Inc. v. Q.I. Press Controls B.V., 701 F. Supp. 2d 644 (E.D. Pa. 2010). That same day, the court also issued an order denying Plaintiff's request to file a second amended complaint. Tecce Decl. Ex. A. The order simply stated: "Plaintiff's motion for leave to file a second amendment complaint… is DENIED." Id.

---

[2] The Pennsylvania case also involves a third Defendant, Print2Finish LLC, not a party here.

2

On May 3, 2010, Plaintiff filed a notice of appeal, and on May 6 the court placed the case in suspense pending disposition of the appeal. Id. Exs. A, F.

On May 24, 2010, Plaintiff filed the instant action against Defendants, claiming that their use of the IDS infringed the 577 patent and another patent, the 508 patent.

In summary, the 577/mRC cause of action is pending in Pennsylvania, and a 577/IDS cause of action was attempted, unsuccessfuly, to be added in that case. Pending before this Court is the 508/IDS and 577/IDS causes of action.

## II. DISCUSSION

The Court will first address the "first to file" rule. "The 'first to file' rule allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another court." Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 623 (9th Cir. 1991). It is based on principles of judicial efficiency, judicial comity, and sound judicial administration. Id. at 625; Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 93-95 (9th Cir. 1982). "[A]n ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts," as to its use. Pacesetter, 678 F.2d 93, 95 (citing Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183-84 (1952)). The first-to-file rule applies where the two matters exhibit chronology, identity of parties, and similarity of issues. Alltrade, 946 F.2d at 625-27. To satisfy the third element, the issues need not be identical, but they must be substantially similar, and there must be substantial overlap between the two suits. Intersearch Worldwide, Ltd. v. Intersearch Group, Inc., 544 F. Supp. 2d 949, 959 (N.D. Cal. 2008) (citations omitted).

### A. The 508/IDS Cause of Action

The parties do not dispute the first element under the first-to-file rule: chronology. Nor do the parties dispute the second element under the first-to-file rule: similarity of parties. In fact, the only difference between the parties in the two cases is the existence of Print2Finish LLC as a third Defendant in Pennsylvania, and the absence of that Defendant in this case in California. Defendant asserts that the involvement of Print2Finish in Pennsylvania is immaterial, Mot. at 9 n. 3, and Plaintiff does not dispute that assertion.

3

1    The parties do dispute whether the third element - substantially similarity between the
2 two causes of action - is satisfied. The Court finds that it is.

3    Both causes of action share similar technology, similar claim terms, and similar
4 issues. Both patents are directed to printing technology that ensures the accuracy of desired
5 colors in mass-market print items, such as newspapers and magazines. See the 577 patent;
6 508 patent. The similarity of the technologies behind both patents is also indicated by the
7 fact that both patents share a common inventor. The fact of a common inventor in both cases
8 also implicate depositions of the same inventor, and thus applying the first-to-file rule here
9 would promote efficiency. See Pacesetter, 678 F.2d 93, 95 (finding that the first-to-file rule
10 serves the purposes of promoting efficiency and should not be disregarded lightly) (citing
11 Church of Scientology v. United States Dep't of the Army, 611 F.2d 738, 750 (9th Cir.
12 1979). Furthermore, both patents share the common claim terms "color," "ink," and "web."
13 See the 577 patent; 508 patent. These are sources of common issues of infringement and
14 validity and create a risk of inconsistent rulings. To risk inconsistent claim construction
15 rulings of the same claim terms would not be sound judicial administration. See Pacesetter,
16 678 F.2d 93, 95 (holding that the first-to-file rule is to be applied with a view to the dictates
17 of sound judicial administration).

18    There are also overlapping issues of law and fact with regard to damages. Defendant
19 asserts, and Plaintiff does not deny, that the 508/IDS and 577/mRC causes of action arose
20 from a common set of facts, to wit, the sale of the IDS and the mRC together as a package to
21 the same customer. Mot. at 6, Reply at 4-5. As a result, both cases would involve inquiries
22 into the details of that same transaction to determine similar issues, such as lost profits.
23 Thus, permitting the 508/IDS cause of action to proceed here would not promote judicial
24 efficiency. See Pacesetter, 678 F.2d 93, 95

25    Finding that the two causes of action are substantially similar, the Court therefore
26 TRANSFERS the 508/IDS cause of action to Pennsylvania.

27 //
28 //

4

### B. The 577/IDS Cause of Action

In addition to the similarities discussed above, the similarities between the 577/IDS and 577/mRC causes of action are even more striking.

Not only do the two patents involve similar technology, but they involve the <u>same</u> technology. Plaintiff argues that the two causes of action are different because they involve different claims of the 577 patent asserted against different products. Opp. at 9. Defendant argues that both cases concern Plaintiff's products infringing the same 577 patent. Reply at 7. Defendant argues that both cases involve construction of similar claim terms, Reply at 8-9, similar remedies, Mot. at 5, and similar issues of invalidity, non-infringement, prosecution history estoppel, patent misuse, lack of notice/marking, and equitable defenses, <u>Id.</u> at 7. Finally, Defendant stresses that when Plaintiff moved to add a 577/IDS cause of action to the Pennsylvania case, Plaintiff represented that its proposed amendment adding the IDS just "expand[ed]" its existing claims for patent infringement. Reply at 4; Motion for Leave to File a Second Amended Complaint at 8-9 (Dkt. 92), Case No. 09-2561 (E.D. Pa. 2010).

Defendant has the better argument. First, some defenses, such as patent misuse, render the entire patent unenforceable, and do not depend on the specific claims at issue nor the accused product. Thus, as to these types of defenses, there is a clear risk of conflicting rulings. <u>See</u> <u>Pacesetter</u>, 678 F.2d at 96 (affirming the district court's dismissal and recognizing the clear risk of inconsistent determinations where one of the central issues in both cases was unenforceability of the same patents).

In addition, there are multiple overlapping claim terms amongst the different claims of the 577 patent. Plaintiff argues that in this case, only claims covering camera positioning will be asserted against the IDS, and in Pennsylvania, only claims covering register control will be asserted against the mRC. Tecce Decl. ¶ 6. Even so, both types of claims still share overlapping claim terms. For example, claim 29, which covers registry control, shares multiple claim terms with claim 26, which covers camera positioning. <u>See</u> claims 26 and 29 in the 577 patent (e.g., "memory," "reference array of digital data," "imaging device,"

"converter circuit operatively associated with the imaging device," "color array," and "signal").

Plaintiff attempts to downplay the overlap between the two cases by stressing that the one claim term that the Pennsylvania court construed, "image," is not at issue in this case. Opp. at 9. However, the Pennsylvania court construed that term pursuant to a preliminary injunction motion, and there has not yet been a Markman hearing in Pennsylvania.[3] See Quad/Tech, 701 F. Supp. 2d 644; RJN (Dkt. 16) Ex. A. Moreover, that the Pennsylvania court construed only one claim term does not mean that only one claim term, is, and will be, at issue in Pennsylvania. To the contrary, many of the claim terms that are at issue in the Pennsylvania case also appear in the claims of the 577 patent. In their preliminary injunction briefs in Pennsylvania, the parties dedicated much of their analysis to construction of, *inter alia*, the terms "memory," "reference array," "converter circuit," and "processing circuit." See Quad/Tech, 701 F. Supp. 2d 644 (E.D. Pa. 2010) (No.09-2561), Opposition to Motion for Preliminary Injunction (Dkt. 21), Reply to Motion for Preliminary Injunction (Dkt. 51), and Joint Surreply of All Defendants re Motion for Preliminary Injunction (Dkt. 54). Those same claim terms appear throughout the 577 patent. Therefore, the 577/IDS and the 577/mRC causes of action overlap with regard to claim terms.

For these reasons, the Court applies the first-to-file rule and finds that the 577/mRC cause of action is the first-filed case, notwithstanding the fact that the two cases do not involve the same accused-product. See Creston Elec., Inc. v. Lutron Elec. Co., Inc., No. 10-860, 2010 WL 3035223 at *3-4 (D. N.J. Aug. 3, 2010) (finding that, although the accused-products in two cases were not identical, the two cases shared common issues of infringement and validity of the same patent).

Once a court decides that the first-to-file doctrine applies, the court, in its discretion, can decide to dismiss, transfer, or stay the cause of action. See Alltrade, 946 F.2d at 623, 625. The Court would ordinarily transfer the 577/IDS cause of action to Pennsylvania in the

---

[3] In addition, the Pennsylvania court's construction of the claim term "image" is on appeal before the Federal Circuit. See RJN (Dkt. 31) Ex. A.

6

interests of judicial efficiency because there has already been in Pennsylvania motion practice, discovery, depositions, evidentiary hearings, claim construction, and a preliminary injunction motion and disposition. See RJN (Dkt. 16) Ex. A; Abbott Diabetes Care, Inc. v. Dexcom, Inc., No. 06-514, 2007 WL 2892707, at *2 (N.D. Ill. Sep. 7, 2007) ("By holding a preliminary injunction hearing, the Massachusetts district court has already familiarized itself with this technology. There is no reason we should duplicate those efforts."). However, to transfer the very cause of action that Pennsylvania refused to allow Plaintiff to add to its case contravenes judicial comity. See Ameritox, Ltd., v. Aegis Sci. Corp., No. 08-1168, 2009 WL 305874 at *3 (N.D. Tex. Feb. 9, 2009) (reasoning that if the court were to transfer the case under the first-to-file rule, despite the prior court's decision denying leave to amend to add the cause of action in that case, the court would in effect have reversed the prior court's decision). Therefore, the Court DISMISSES the 577/IDS cause of action, without prejudice.

The Court finds that claim-splitting is not a valid basis for dismissing this case. In addition, the Court does not reach Defendant's alternative Motion to Transfer because the first-to-file rule is dispositive of this Motion.

## III. CONCLUSION

For the foregoing reasons, the Court TRANSFERS the 508/IDS cause of action to Pennsylvania, DISMISSES the 577/IDS cause of action without prejudice, and does not reach the venue transfer motion.

Dated: November 15, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE